IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| NEVON BARNES | § | |
| VS. | § | CIVIL ACTION NO. 9:24-cv-44 |
| WARDEN, FCI THREE RIVERS | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Nevon Barnes, an inmate confined at the Federal Correctional Institution located in Three Rivers, Texas, proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

Discussion

Petitioner submitted this petition challenging the calculation of his sentence and the application of time credits he claims he earned while confined in jail during the period from April 5, 2022 through July 31, 2022.

Analysis

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990). A § 2241 Petition must be filed in the district where the Petitioner is incarcerated. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999). Thus, only the district court where the Petitioner is confined at the time the petition is filed has jurisdiction to entertain the § 2241 Petition. *Id.*

Petitioner was confined in the Federal Correctional Institution located in Three Rivers, Texas when he filed the petition. The city of Three Rivers, Texas is located in Live Oak County. Pursuant to 28 U.S.C. § 124, Live Oak County, Texas is located within the jurisdictional boundaries of the United States District Court for the Southern District of Texas, Corpus Christi Division. As Petitioner is not incarcerated in the Eastern District of Texas, this court is without jurisdiction to consider Petitioner's Petition for Writ of Habeas Corpus; subject-matter jurisdiction cannot be waived. *See DeCell & Assocs. v. F.D.I.C.*, 36 F.3d 464, 471 (5th Cir. 1991).

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

After considering the circumstances, the court has determined that the interests of justice would best be served if this petition were transferred to the district in which the Petitioner is confined rather than dismissed the case for lack of jurisdiction. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

SIGNED this 8th day of March, 2024.

_____
Zack Hawthorn
United States Magistrate Judge